Filed 6/25/25  P. v. Ta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083951 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD297976) |
| HIEN MINH TA, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed as modified.

Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Hien Minh Ta of first degree burglary (Pen. Code, §§ 459, 460, subd. (a); count 1); unauthorized use of personal identifying information (§ 530.5(a); counts 3 & 4); and fraudulent possession of personal identifying information with a prior section 530.5 conviction (§ 530.5(c)(2); count 5).  Appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating

she found no arguable issues for reversal on appeal. Counsel asks us to review the record for error as *Wende* requires. We offered Ta the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues. We modify the judgment to correct the abstract of judgment and otherwise affirm.

## I.

Ta was charged with residential burglary based on the theft of a wallet from a truck parked in a garage connected to an apartment complex. Surveillance video showed a black car sneak into the parking garage behind a resident vehicle and later leave while the passenger "appeared to be going through the contents of the victim's wallet."

The personal identifying information charges stemmed from the use of the victim's credit cards at nearby retail stores that same evening.

Because the black car was registered to Ta's stepfather, not Ta, the prosecution sought to present brief testimony by two officers about prior contacts with Ta in the black car. The court granted the prosecution's motion on the condition "there is no mention of why there was a stop, just that there was a contact." With that sanitation, the court determined "the probative value outweighs the prejudicial effect" because the testimony "goes straight to the identity at issue in this case." The relevant trial testimony complied with the court's directive to avoid any mention of why the officers encountered Ta and the black car.

At trial, when discussing a past conversation with Ta's stepfather, the investigating detective mentioned the man "was nervous, and he told me he was afraid of retaliation by his stepson." The court sustained Ta's counsel's objection and granted his motion to strike the testimony. Later, outside the

2

jury's presence, Ta's counsel moved for a mistrial based on the detective's "retaliation comment." The court denied the motion for mistrial, noting it found the comment "surprising but de minimis." Both before and after the presentation of evidence, the court instructed jurors to "completely disregard" any stricken testimony and "not consider it for any purpose."

After the jury convicted Ta on all counts and he admitted two prior convictions under section 530.5, the court sentenced Ta to a total prison term of four years. The sentence consisted of the four-year middle term for count 1; the two-year middle term for counts 3 and 4, to run concurrently; and the two-year middle term for count 5, which the court stayed under section 654.

II.

Ta's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking this court to independently review the record for error. To assist the court in its review under *Anders*, 386 U.S. at pp. 744-745, counsel identified the following issues she considered in evaluating the potential merits of this appeal:

(1)    Did the trial court err in admitting evidence of Ta's prior contacts with police, and was any error prejudicial?

(2)    Did the court err in denying the motion for mistrial after a detective testified that Ta's stepfather was afraid Ta would retaliate, and was any error prejudicial?

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal. Competent counsel has represented Ta on this appeal.

We modify the abstract of judgment, however, to be consistent with the controlling oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181,

3

185, 188.)  The court imposed the middle term on all counts, yet as Ta's counsel notes, the abstract of judgment identifies the low term for counts 3 through 5.  In addition, while a November 21, 2024 minute order corrects the disposition on certain fines and fees, the appellate record does not contain a subsequent amended abstract of judgment reflecting those corrections.  To the extent the trial court has not already made that change, we direct it to do so in an amended abstract of judgment.

## III.

We modify the judgment to reflect (1) the middle-term classification for counts 3, 4, and 5; and (2) the correction to certain fines and fees contained in the trial court's November 21, 2024 minute order, to the extent it has not already been so corrected.  We direct the trial court to prepare and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.


CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


RUBIN, J.